Daniel M. Cislo, Esq., No. 125,378
 *dan@cislo.com*
David B. Sandelands, Esq., No. 198,252
 *david@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
 *mnielsen@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Fax: (310) 394-4477

Attorneys for Plaintiff,
COA, INC. dba COASTER COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COA, INC. dba COASTER COMPANY OF AMERICA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HOME MERIDIAN INTERNATIONAL, INC., a Virginia corporation, and DOES 1-9, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF RE:**<br><br>**(1) Non-infringement of Unregistered Product Configuration Trade Dress Under the Lanham Act;**<br>**(2) Invalidity of Unregistered Product Configuration Trade Dress Under the Lanham Act;**<br>**(3) No Violation of North Carolina Unfair and Deceptive Trade Practices Act; and,**<br>**(4) No Violation of North Carolina Common Law Unfair Competition** |

## **COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff COA, Inc. dba Coaster Company of America (hereafter "Plaintiff" or "Coaster"), by and through its attorneys, allege for their complaint against Home Meridian International, Inc. (hereafter "Defendant" or "Home Meridian"), as follows:

1. This complaint seeks a declaratory judgment of invalidity and non-infringement of alleged *unregistered* product configuration trade dress regarding the designs of certain of Defendant's furniture items under the provisions of 28 U.S.C. §§ 2201 and 2202 and Section 1125(a) of the Lanham Act. In addition, this complaint seeks a declaratory judgment of non-liability regarding various related claims alleged under Section 75-1.1 et seq. of North Carolina's Unfair and Deceptive Trade Practices Act, and under North Carolina common law of unfair competition.

2. Defendant is believed to be claiming a violation of *unregistered* product configuration trade dress because it has not secured any trade dress registration for its product designs, any copyright protection for its product designs, nor any design patent protection for its product designs.

3. Plaintiff reserves the right to amend this complaint should it become aware of additional facts further supporting its claims stated hereinbelow.

## **THE PARTIES**

4. Plaintiff is a California corporation with its principal place of business at 12928 Sandoval St., Santa Fe Springs, California 90670. Plaintiff is a wholesale distributor of furniture.

5. Defendant Home Meridian (including its Samuel Lawrence division) is a corporation organized under the laws of the Commonwealth of Virginia, having a place of business located at 3980 Premier Drive, Suite 310, High Point, North Carolina 27265. Defendant is a wholesale distributor of furniture.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of the claims stated herein pursuant to 28 U.S.C. §§ 1121(a), 1331, 1338(a), 1338(b), 1367, 2201, and 2202.

7. Defendant is registered to conduct business in the State of California, as indicated on the California Secretary of State website. Defendant's California "Entity Number" is C3294956. Attached hereto as **Exhibit 1** is a printout of the page for Defendant on the California Secretary of State website.

8. Defendant has an agent for service of process located in downtown Los Angeles, California.

9. Defendant also has a substantial distribution center located in Redlands, California, within this judicial district. Attached hereto as **Exhibit 2** is an image from Google Maps Street View showing Defendant's distribution center in Redlands, California. On information and belief, Defendants' Redlands, California distribution center consists of at least several hundred thousand square feet of warehouse space. Defendant's website (http://www.homemeridian.com/hmi/about/global-connectivity) touts the following: "Bicoastal distribution centers in California and North Carolina provide for more than 750,000 sq. ft. of warehouse space. These strategically located centers can reach nearly all of the US population within 36 hours, reducing transportation costs and increasing operating efficiencies." Thus, Defendant greatly benefits from having a massive distribution center in this judicial district.

10. On information and belief, Defendant imports a substantial amount of furniture through the ports in this judicial district in Los Angeles and Long Beach, including the furniture for which trade dress protection is claimed by Defendant, which is known as the Samuel Lawrence Platinum/Diva bedroom collection. Attached hereto as **Exhibit 3** is an image from the internet of Defendant's Platinum/Diva bedroom collection.

2

11. On information and belief, Defendant has inventory of the furniture for which trade dress protection is claimed by Defendant in its Redlands, California distribution center, and it transports the Samuel Lawrence Platinum/Diva bedroom collection for which trade dress protection is claimed by Defendant from its Redlands, California distribution center to locations within this judicial district, as well as other locations in and out of California.

12. On information and belief, Defendant offers for sale the Samuel Lawrence Platinum/Diva bedroom collection for which trade dress protection is claimed by Defendant through retailers in this judicial district, including, but not limited to, Mathis Brothers in Ontario, California; Reed's Furniture in Agoura Hills, California and Oxnard, California; and, Visions In Furniture in La Mirada, California and Anaheim, California. In other words, Defendant sells the Samuel Lawrence Platinum/Diva bedroom collection to retailers in this judicial district.

13. Defendant knows, is believed to know, and/or reasonably should know that Coaster is a California-based corporation, with its principal place of business in this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) inasmuch as Defendant "resides" in this judicial district by virtue of its massive distribution center in this judicial district, and its being subject to the personal jurisdiction of this Court. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district – namely, Defendant accused a corporation residing in this judicial district of product configuration trade dress infringement, and, it would be expected that a significant amount of the proof Defendant may rely upon in this case in its attempt to prove its claims would be based on evidence and activities that have taken place in this judicial district.

15. Defendant privately, via cease and desist letter, accused Coaster of infringing the unregistered product configuration trade dress that Defendant alleges

3

protects the design of the Samuel Lawrence Platinum/Diva bedroom collection, and also accused Coaster of violating North Carolina's Unfair and Deceptive Trade Practices act and North Carolina's law of unfair competition on substantially the same basis as the trade dress claim. Attached hereto as **Exhibit 4** is a copy of the cease and desist letter sent by Defendant to Coaster. Coaster denies Defendants' allegations of infringement and denies the related violations under North Carolina law. Coaster denies that any protectable product configuration trade dress exists for the Samuel Lawrence Platinum/Diva bedroom collection based on, at least, both genericness and lack of secondary meaning. Attached hereto as **Exhibit 5** are images of other furniture items believed to currently exist in the market for which many, if not all, of the elements of the design of Defendant's product can be observed. Coaster also denies that its accused design infringes any protectable product configuration trade dress for the Samuel Lawrence Platinum/Diva bedroom collection that might exist. Coaster further believes that its accused design represents a fair, aesthetically functional use of commonplace design elements for a bedroom collection. Coaster further denies that it had any unscrupulous, unethical, immoral, or otherwise unfair or deceptive motives in advertising, marketing, and/or offering for sale the accused products. Coaster's purpose was not to trade on the goodwill, if any, in the Defendant's product design or of Defendant itself, but to offer a contemporary bedroom collection design based on common design elements. Furthermore, Coaster extensively markets and advertises itself and its products, and it does not need to create any type of association with Defendant in order to be successful.

16. As such, an actual and justiciable controversy exists between Coaster and Defendant with respect to Coaster's alleged infringement of the unregistered product configuration trade dress that Defendant alleges protects the design of the Samuel Lawrence Platinum/Diva bedroom collection, as well the alleged violations of North Carolina's Unfair and Deceptive Trade Practices act and common law of

unfair competition.

## BACKGROUND ALLEGATIONS

17. Coaster is a long-standing member of the furniture industry and has built a well-respected and substantial business based on its offering a wide variety of furniture products in many diverse styles at affordable prices.

18. Multiple times each year, Coaster unveils new products at various furniture industry trade shows, including twice-annual shows in Las Vegas, Nevada and High Point, North Carolina.

19. From approximately April 18-23, 2015, Coaster traveled from the Los Angeles area to attend the industry trade show in High Point, North Carolina.

20. At the show, Coaster released a new bedroom collection called the Danette collection. Attached hereto as **Exhibit 6** is a photograph of Coaster's Danette bedroom collection.

21. On April 20, 2015, Coaster received a cease and desist letter from Defendant that was addressed to Coaster's location in High Point, as well as to Coaster's Registered Agent at its principal place of business at 12928 Sandoval Street in Santa Fe Springs, California, in this judicial district.

22. Upon receipt of the cease and desist letter from Defendant, Coaster took the allegations seriously, but determined that the allegations against it were without merit and brought this action to have its rights and obligations determined by the Court under the Declaratory Relief Act.

## COUNT I

**(Declaratory Relief of Non-Infringement of Unregistered Product Configuration Trade Dress under the Lanham Act)**

23. Coaster repeats and incorporates the facts and allegations of paragraphs 1 through 22 above, inclusive, as though fully set forth herein.

5

24. Coaster has not, nor has it ever, infringed any product configuration trade dress, if any, regarding the design of Defendant's Samuel Lawrence Platinum/Diva bedroom collection, willfully, intentionally, or otherwise. There exist a number of differences in the design of the parties' respective products such that no likelihood of confusion is believed to exist (including, but not limited to, (1) the headboard shape overall, as well as the shapes of the molding and tufted sections; (2) the contrasting color on Coaster's headboard between the outer molding and he tufted portion that is not present in the Home Meridian product; (3) the color contrast between the molding and the center section on Coaster's footboard is more pronounced than on the Home Meridian footboard; (4) the color contrast on the drawers of the chest and nightstand is more pronounced than on the corresponding Home Meridian products; (5) the location of the band of mirrored elements on the footboards and dressers differ; (6) the shapes of the feet on all the items differ; (7) the shapes of the mirrors on the dresser differ; (8) the presence of a mirrored band on the nightstand on Coaster's nightstand, which is absent on your client's nightstand; (9) thicker rails on Coaster's bed relative to your client's bed; (10) differences in the finishes on the products; and, (11) differences in the hardware on the case goods), and Defendant has not pointed to any concrete details supporting a likelihood of confusion.

25. Coaster's Danette bedroom collection, which Defendant contends infringes the product configuration trade dress regarding the design of Defendant's Samuel Lawrence Platinum/Diva bedroom collection, is not covered by any valid trade dress, if any, in the product design of Defendant's Samuel Lawrence Platinum/Diva bedroom collection.

26. Even if Defendant can establish the validity of its claimed trade dress, and that a likelihood of confusion exists between the parties' respective products, Coaster alleges that the design of its Danette bedroom collection represents a fair use of the claimed trade dress because the claimed trade dress is not being used to

identify the source of the product, but is being used, in good faith, to render the product more aesthetically appealing, and not to create an association with Defendant.

27. Accordingly, there exists an actual justiciable controversy between Defendant and Coaster concerning whether any product configuration trade dress in Defendant's Samuel Lawrence Platinum/Diva bedroom collection, if any, is infringed by Coaster's Danette bedroom collection.

28. Coaster requests a judgment declaring that Coaster does not, and has not, infringed any product configuration trade dress in Defendant's Samuel Lawrence Platinum/Diva bedroom collection. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of any product configuration trade dress in Defendant's Samuel Lawrence Platinum/Diva bedroom collection.

### COUNT II

**(Invalidity of Unregistered Product Configuration Trade Dress Under the Lanham Act)**

29. Coaster repeats and incorporates the facts and allegations of paragraphs 1 through 28 above, inclusive, as though fully set forth herein.

30. Defendant's claimed product configuration trade dress in its Samuel Lawrence Platinum/Diva bedroom collection is invalid and/or does not meet the requirements for protection as product design trade dress – namely: (1) secondary meaning and (2) non-functionality (including not aesthetically functional).

31. Defendant's claimed product configuration trade dress in its Samuel Lawrence Platinum/Diva bedroom collection lacks secondary meaning because of, on information and belief, at least the following:

   a. Product design is not inherently distinctive, and it will be

        Defendant's burden to prove the existence of secondary meaning;

    b.    The primary significance of the design of the Samuel Lawrence Platinum/Diva bedroom collection in the minds of consumers is, in all likelihood, not Defendant, but the product itself – i.e., consumers do not associate the design of the Samuel Lawrence Platinum/Diva bedroom collection with Defendant;

    c.    Any advertising of Defendant's Samuel Lawrence Platinum/Diva bedroom collection has been inadequate to create an association between the product design and Defendant in a substantial enough percentage of consumers' minds;

    d.    Defendant has only been offering its Samuel Lawrence Platinum/Diva bedroom collection for a short time (since 2013), which is insufficient to develop secondary meaning in a product design, particularly a common, generic product design;

    e.    Other companies in the furniture industry are selling bedroom furniture with the same or similar design features, which would make it more difficult for Defendant to establish secondary meaning in its design;

    f.    Coaster did not intentionally copy Defendant's design; and, even if Coaster intended to copy Defendant's design, which is not admitted, it did so merely for the aesthetic features of the design and not with any intent to create an association with Defendant or to take advantage of any source-identifying aspects of the Defendant's design, if any;

    g.    Coaster is unaware of, and has not been presented with by Defendant or others, any evidence of actual confusion.

32.    In addition, Defendant must, but cannot, prove that its claimed trade

dress is not functional, including that it is not aesthetically functional. Where a product feature serves a significant non-trademark function, it may be unprotectable. Here, Coaster alleges that the primary purpose of the design of the Samuel Lawrence Platinum/Diva bedroom collection is aesthetic and product appealability, and not source identification.

33. Furthermore, Coaster alleges that Defendant's claimed trade dress may be generic in that its designs are a common form of the products, and the designs are so common in the industry that they cannot be said to point to a particular source.

34. Accordingly, there exists an actual justiciable controversy between Defendant and Coaster concerning whether there exists any protectable product configuration trade dress in Defendant's Samuel Lawrence Platinum/Diva bedroom collection.

35. Coaster requests a judgment declaring that Defendant's asserted product configuration trade dress in its Samuel Lawrence Platinum/Diva bedroom collection is invalid, not protected, and/or does not exist. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the validity, protectability, and/or existence of any product configuration trade dress in Defendant's Samuel Lawrence Platinum/Diva bedroom collection.

## COUNT III
**(No Violation of North Carolina Unfair and Deceptive Trade Practices Act)**

36. Coaster repeats and incorporates the facts and allegations of paragraphs 1 through 35 above, inclusive, as though fully set forth herein.

37. Assuming Defendant can prove that it has protectable rights in the design of its Samuel Lawrence Platinum/Diva bedroom collection, Coaster has not, nor has it ever, engaged in conduct that was unfair such that it was unscrupulous,

unethical, immoral, or against public policy, or deceptive such that it had the capacity or tendency to deceive the consuming public with respect to Defendant's Samuel Lawrence Platinum/Diva bedroom collection (or Samuel Lawrence itself) in connection with Coaster's advertising, promoting, and/or offering for sale its Danette bedroom collection.

38. In addition, Coaster is unaware of any actual damages suffered by Defendant as a proximate result of Coaster's alleged conduct referenced herein and by Defendant in its April 20, 2015 cease and desist letter.

39. Furthermore, Coaster alleges that Defendant's claim under the North Carolina Unfair and Deceptive Trade Practices Act is not viable in that it is preempted by the Lanham Act based on the fact that Coaster did not have an unscrupulous, unethical, immoral, unfair, or deceptive will in advertising, marketing, and/or offering for sale its Danette bedroom collection for sale, and there is nothing regarding this claim that differs in scope from Defendant's trade dress infringement claim under the Lanham Act.

40. Accordingly, there exists an actual justiciable controversy between Defendant and Coaster concerning whether Coaster violated the North Carolina Unfair and Deceptive Trade Practices Act, as well as whether such a claim is preempted by federal trademark law.

41. Coaster requests a judgment declaring that Coaster does not, and has not, violated the North Carolina Unfair and Deceptive Trade Practices Act in connection with its advertising, marketing, and/or offering for sale of its Danette bedroom collection vis-à-vis Defendant's Samuel Lawrence Platinum/Diva bedroom collection, and is not liable for any damages related thereto. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the North Carolina Unfair and Deceptive Trade Practices Act in connection with Coaster's advertising, marketing, and/or offering for sale of its Danette bedroom collection vis-à-vis

Defendant's Samuel Lawrence Platinum/Diva bedroom collection.

## COUNT IV

**(No Violation of North Carolina Common Law Unfair Competition)**

42. Coaster repeats and incorporates the facts and allegations of paragraphs 1 through 41 above, inclusive, as though fully set forth herein.

43. Assuming Defendant can prove that it has protectable rights in the design of its Samuel Lawrence Platinum/Diva bedroom collection, Coaster has not, nor has it ever, engaged in conduct that was unfairly competitive with respect to Defendant's Samuel Lawrence Platinum/Diva bedroom collection (or Samuel Lawrence itself) in connection with Coaster's advertising, promoting, and/or offering for sale its Danette bedroom collection.

44. In addition, Coaster is unaware of any actual damages suffered by Defendant as a proximate result of Coaster's alleged conduct referenced herein and by Defendant in its April 20, 2015 cease and desist letter.

45. Furthermore, Coaster alleges that Defendant's claim for unfair competition under North Carolina law is not viable in that it is preempted by the Lanham Act based on the fact that Coaster did not have or engage in any unfairly competitive motives in advertising, marketing, and/or offering for sale its Danette bedroom collection for sale, and there is nothing regarding this claim that differs in scope from Defendant's trade dress infringement claim under the Lanham Act.

46. Coaster believes that Defendant is attempting to enforce rights that do not exist in an unlawful attempt to stifle legitimate competition by Coaster. The various design elements in Defendant's Platinum/Diva bedroom collection have long been used by others in the furniture industry for their aesthetic appeal, and not as source identifiers. Coaster's Danette bedroom collection employs these well-known design elements for aesthetic appeal and not as source identifiers, and not in an attempt to create an association with Defendant. Coaster is a well-established

company that extensively markets itself and its product, and it has no need to even attempt to create an association with Defendant. The result is Defendant's attempt to claim common design elements as source identifiers in the form on an unregistered product configuration trade dress claim that is unsupported, and that results in a vague, nebulous claim that is not supported by any rights such as a trade dress registration, a copyright registration, or a design patent.

47. Accordingly, there exists an actual justiciable controversy between Defendant and Coaster concerning whether Coaster unfairly competed with Defendant under North Carolina law, as well as whether such a claim is preempted by federal trademark law.

48. Coaster requests a judgment declaring that Coaster does not, and has not, unfairly competed with Defendant under North Carolina law in connection with its advertising, marketing, and/or offering for sale of its Danette bedroom collection vis-à-vis Defendant's Samuel Lawrence Platinum/Diva bedroom collection, and is not liable for any damages related thereto. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding under North Carolina's unfair competition law in connection with Coaster's advertising, marketing, and/or offering for sale of its Danette bedroom collection vis-à-vis Defendant's Samuel Lawrence Platinum/Diva bedroom collection.

## **PRAYER FOR RELIEF**

WHEREFORE, Coaster respectfully requests that this Court enter a judgment in its favor and against Home Meridian as follows:

(1) Declaring that Home Meridian does not possess any enforceable rights in its alleged unregistered trade dress in the product design of its Platinum/Diva bedroom collection, and/or that Coaster does not infringe Home Meridian's alleged unregistered trade dress, if any, in

|   |   |   |
|---|---|---|
| 1 |  | the product design of its Platinum/Diva bedroom collection; |
| 2 | (2) | Declaring that Coaster has not violated the North Carolina Unfair and Deceptive Trade Practices Act; |
| 4 | (3) | Declaring that Coaster has not violated North Carolina unfair competition law; |
| 6 | (4) | Deeming this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a)(3), and awarding Coaster its attorneys' fees, expenses, and costs incurred herein; |
| 9 | (5) | Deeming this case to be worthy of an award of costs and attorneys' fees to Coaster under N.C. Gen. Stat. § 75-16.1; and, |
| 11 | (6) | Awarding Coaster such other and further relief as this Court may deem just and proper. |

Respectfully submitted,

CISLO & THOMAS LLP

Dated: May 1, 2015       By:    /s/Daniel M. Cislo
                                Daniel M. Cislo
                                David B. Sandelands
                                Mark D. Nielsen
                                Attorneys for Plaintiff,
                                COA, INC. dba COASTER
                                COMPANY OF AMERICA

T:\15-30292\Complaint for Declaratory Relief.docx

13